IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| H&R BLOCK TAX SERVICES LLC, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 18-00091-CV-W-ODS |
| WILLIAM THOMAS, | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Pending is Plaintiff H&R Block Tax Services LLC's Motion for Temporary Restraining Order and Preliminary Injunction. Doc. #3. Upon review of the motion, briefing, the parties' arguments, the Verified Complaint (Doc. #1), and the applicable law, H&R Block's Motion for Temporary Restraining Order is granted. At this time, the Court is not issuing a ruling on H&R Block's Motion for Preliminary Injunction.

### I. BACKGROUND[1]

In September 2011, Defendant William Thomas was paid $250,000 by H&R Block to convert his tax preparation office in New York City to an H&R Block franchise office. In return, Thomas entered into a Conversion Agreement and a Franchise License Agreement ("FLA") with H&R Block. Doc. #1-1. The FLA contained nonsolicitation and noncompetition covenants prohibiting Thomas from diverting former clients and directly or indirectly operating a competing business in or within twenty-five miles of Thomas's franchise territory for two years after he was no longer a franchisee.

By April 2017, Thomas was in arrears to H&R Block for $112,903 due to failure to pay royalties on tax preparation fees earned and supplies purchased by Thomas. H&R Block notified Thomas in writing of his breach of the FLA, and stated his failure to remedy the breach would result in termination of the FLA. Thomas failed to remedy the

---

[1] Unless otherwise noted, all facts contained in this section are taken from Plaintiff's Verified Complaint (Doc. #1) and exhibits attached thereto.

breach, and H&R Block terminated the FLA in December 2017.  At that time, Thomas was reminded of his post-termination obligations.

On February 2, 2018, H&R Block filed its Verified Complaint alleging breach of contract and seeking injunctive relief and damages.  Doc. #1.  H&R Block also filed its Motion for Temporary Restraining Order and Preliminary Injunction.  Doc. #3.  H&R Block alleges Thomas is breaching the FLA.  Among other things, H&R Block alleges Thomas is operating or materially assisting with the operation of a tax preparation business at his former franchise office located at 2360 Adam Clayton Powell Jr. Boulevard, New York, NY 10030.  H&R Block also contends Thomas has been diverting customers from H&R Block, and has been divulging and using information and knowledge concerning customers as well as H&R Block's methods and operations.  H&R Block claims it has been and will continue to be damaged as a result of Thomas's breaches of the FLA; Thomas's mishandling, disclosure, and use of confidential information and trade secrets; loss of goodwill; loss of and impairment to client relationships; and loss of attendant current and future revenues.  On February 14, 2018, the Court held a hearing on H&R Block's motion.  H&R Block participated via counsel, and Thomas appeared on behalf of himself.  Thomas's wife, Valerie Thomas, also participated in the hearing.

## II.   DISCUSSION
### A.   Jurisdiction and Choice of Law

Thomas is not a citizen of Missouri, and is believed to be a citizen of Georgia.  Doc. #1, ¶¶ 12-13.  Personal jurisdiction over a non-resident defendant may be obtained by waiver through a forum selection clause in a contract between parties.  *Whelan Sec. Co. v. Allen*, 26 S.W.3d 592, 595-96 (Mo. Ct. App. 2000) (citations omitted).  Additionally, a choice of law provision in a contract is generally enforced.  *See Raydiant Tech., LLC v. Fly-N-Hog Media Grp., Inc.*, 439 S.W.3d 238, ) (Mo. Ct. App. 2014) (citation omitted).  Paragraph 27 of the FLA specifies Missouri law applies and further provides for jurisdiction and venue in this forum.  Doc. #1-1, at 22.  Accordingly, Thomas stipulated and consented to Missouri law as the choice of law and to personal jurisdiction in this Court.

## B.    Factors for Issuance of Temporary Restraining Order

Whether a temporary restraining order should be issued "involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The most important factor is the plaintiff's likelihood of success. *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir.), *cert. denied*, 506 U.S. 863 (1992). Consequently, the Court elects to consider that factor first.

### (1)    Likelihood of Success on the Merits

H&R Block has shown a substantial likelihood of success on the merits of its breach of contract claim. Under Missouri law, "[n]on-compete agreements are typically enforceable so long as they are reasonable." *Healthcare Servs. of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 610 (Mo. 2006) (en banc). The Missouri Supreme Court has found a noncompetition agreement is valid and enforceable if it: (1) "is no more restrictive than is necessary to protect the legitimate interest of the employer"; and (2) can be "narrowly tailored geographically and temporally." *Id*.

Reasonable restrictions are enforceable to protect "the employer's trade secrets or customer contacts." *Healthcare Servs.*, 198 S.W.3d at 610; *see also Osage Glass, Inc. v. Donovan,* 693 S.W.2d 71, 74 (8th Cir. 1985) (stating "[c]ovenants against competition must serve a proper interest of the employer in protecting the good will of a business, and must be reasonably limited in time and space."). The FLA's post-termination covenants protect interests recognized in Missouri as legitimate and protectable. Those interests include, but are not limited to, H&R Block's investment in the parties' transactions; H&R Block's goodwill; H&R Block's confidential business information; and H&R Block's interest in preventing Thomas from using such assets to compete with H&R Block, diverting away its clients, and obtaining an undue advantage for a competing business. *See Whelan Sec. Co.*, 379 S.W.3d at 845; *Safety-Kleen Sys., Inc. v. Hennkens*, 301 F.3d 931, 937 (8th Cir. 2002) (stating "Missouri courts have frequently held…substantial and individualized customer contacts are a protectable interest warranting injunctive relief enforcing a covenant not to compete."). H&R Block

also has a legitimate and protectable interest in protecting its client information and client relationships from use by a competitor. *Id.* at 842; *Mid-States Paint & Chem. Co. v. Herr*, 746 S.W.2d 613, 617 (Mo. Ct. App. 1988) (citation omitted).

In this case, the covenants are also appropriately narrow in both time and geographic reach. First, the noncompetition and nonsolicitation provisions are limited to two years after the termination of the FLA, subject to tolling for periods of Thomas's noncompliance. Second, the geographic area of the noncompetition provision is limited to Thomas's former franchise territory, and an area within twenty-five miles of that territory. Similar covenants have been found to be appropriately narrow. *H&R Block Enters. LLC v. Ascher*, No. 15-cv-00178, 2015 WL 12746197, at *2 (W.D. Mo. Apr. 3, 2015) (upholding three- or five-year, 50-mile non-competition and non-solicitation covenants in an asset purchase agreement); *H&R Block Tax Servs. LLC v. Haworth*, No. 15-211, 2015 WL 12747902, at *2 (W.D. Mo. Mar. 26, 2015) (finding a covenant prohibiting competition within a twenty-five mile radius of a well-defined metropolitan area was reasonably tailored); *H&R Block Tax Servs. LLC v. Clayton*, No. 16-cv-00185, 2016 WL 1247205, at *3 (W.D. Mo. Mar. 24, 2016) (upholding a 2-year, 25-mile non-competition agreement in a franchise agreement). The Court finds, based upon the record before it, the covenants are reasonably tailored to protect H&R Block's legitimate interests, are reasonably tailored in time and geographic scope, and are valid under Missouri law.

The noncompetition and nonsolicitation covenants run for two years following the termination of Thomas's FLA (tolled for any periods of noncompliance). The FLA was terminated on December 19, 2017, and therefore, the covenants will run until at least December 19, 2019. The Verified Complaint establishes Thomas is directly or indirectly assisting with the operation of a tax preparation business at his former franchise office located at 2360 Adam Clayton Powell Jr. Blvd., New York, NY 10030 (the "Former Franchised Office"). During the hearing on February 14, 2018, Thomas stated he no longer has a lease for the Former Franchised Office, but his family members, who are his former employees, have a lease for the Former Franchised Office, and his family members are operating a tax preparation business from the Former Franchised Office.

The evidence also shows Thomas has failed to return all client lists, client files (electronic or paper), and proprietary business information, including but not limited to

4

signage, to H&R Block. Thomas failed to assign the lease for the Former Franchised Office. He also failed to pay $112,903.58 in royalties and supply fees due and owing to H&R Block. These actions (or, in certain regards, inactions) are breaches of the FLA's post-termination covenants. Based upon these facts, there is a substantial likelihood H&R Block will prevail on the merits of its breach of contract claim. Thus, this factor weighs in H&R Block's favor.

### (2)  Threat of Irreparable Harm

"The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959). Irreparable harm occurs when a party has no adequate legal remedy, typically because the party cannot be fully compensated through a damages award. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Courts have presumed irreparable injury where a non-compete is breached, or confidential, proprietary information is being improperly used. *Express Scripts, Inc. v. Lavin*, No. 17CV01423, 2017 WL 2903205, at *8 (E.D. Mo. July 7, 2017) (citations omitted); *H&R Block Tax Servs. LLC v. Haworth*, No. 15-211, 2015 WL 5601940, at *4 (W.D. Mo. Sept. 22, 2015) (citations omitted). And loss of intangible assets, such as reputation and goodwill, can constitute irreparable harm. *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) (citations omitted); *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002) (citation omitted).

H&R Block has shown it will suffer irreparable harm if injunctive relief is not granted. As an initial matter, Thomas agreed in the FLA that a breach of the covenants would cause irreparable injury to H&R Block such that temporary and permanent injunctive relief would be appropriate. Doc. #1-1, at 15. Further, if the Court does not intervene immediately to enjoin Thomas's conduct, H&R Block will continue to sustain irreparable damage in the form of his or others' use of its proprietary and confidential information, damage to its reputation, and loss of goodwill. Thomas and/or his former employees working in concert with him are competing against H&R Block for its clients at the Former Franchise Location. Also, Thomas's and/or his former employees' activities are occurring during tax season and will impact H&R Block most severely during the next three months (between now and April 17, 2018) when most income tax

returns will be filed. Without a temporary restraining order, there is a strong possibility H&R Block will lose a substantial number of clients of the former franchise due to Thomas's breaches. Further, H&R Block will be severely inhibited from re-establishing its business in the formerly franchised area. For these reasons, this factor weighs in H&R Block's favor.

### (3) Balancing of Harms

The balance of harms analysis examines the harm of granting or denying the injunction upon the parties to the dispute and other interested parties, including the public. *See Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 372 (8th Cir. 1991). By enforcing the FLA's covenants, the restraints placed on Thomas are no greater than those to which he already agreed. Having accepted significant financial and other benefits from his agreements with H&R Block, Thomas should not be relieved of his own obligations. *Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 846 (8th Cir. 2005) (finding the defendant "knowingly and voluntarily agreed to be restricted by the covenant, and any perceived harm to him by the enforcement of the agreement is outweighed by the harm foreseeable to [the plaintiff]."). The injury to H&R Block's relationships with its clients, its business, and its assets outweighs any potential harm the proposed relief may cause Thomas. This factor weighs in favor of H&R Block.

### (4) Public Interest

The final factor is the impact of granting or denying the temporary restraining order on the public interest. Missouri courts have found the enforcement of restrictive covenants serves the public interest. *Schott v. Beussink*, 950 S.W.2d 621, 625 (Mo. Ct. App. 1997) (stating Missouri courts recognize public policy approves contracts containing restrictive covenants because an entity has a proprietary right in it customers and goodwill); *see also Silvers, Asher, Sher & McLaren, M.D.s Neurology, P.C. v. Batchu*, 16 S.W.3d 340, 345-46 (Mo. Ct. App. 2000). The public interest is also furthered by preserving contractual relationships. *Silvers*, 16 S.W.3d at 345-46. As such, this factor also weighs in favor of H&R Block.

6

## III. CONCLUSION

Upon consideration of the four *Dataphase* factors and the arguments presented by the parties, the Court finds H&R Block has met its burden of establishing the propriety of a temporary restraining order. H&R Block's Motion for Temporary Restraining Order is granted. Thomas is ordered to perform all of his contractual obligations to H&R Block. It is further ordered that Thomas, his spouse, and the Franchised Business's (as defined by the FLA) officers, directors, shareholders, stockholders, employees, owners, partners, consultants, and franchisors are temporarily restrained from directly or indirectly doing any of the following:

(1) Violating the terms of the FLA (Doc. #1-1);

(2) For a continuous, uninterrupted period of two years from December 19, 2017 (excluding any periods of Thomas's non-compliance and time spent enforcing his obligations) from:

    a. Diverting from H&R Block or H&R Block franchisees, any person for whom tax return preparation or other Authorized Services (as defined by the FLA) were rendered at any time during the term of the FLA by Thomas or his franchise business; and

    b. Engaging in any business which offers any product or service the same as or similar to any Authorized Service (as defined by the FLA), including without limitation tax preparation services, in or within 25 miles of the Franchise Territory, including at 2360 Adam Clayton Powell Jr. Boulevard, New York, NY 10030; and

    c. Soliciting by mail, telephone, electronically, via the Internet, in person, or by other means, any person for whom tax return preparation or other Authorized Services (as defined by the FLA) were rendered at any time during the term of the FLA by Thomas or his franchise business.

(3) Divulging and using information and knowledge concerning customers, the methods, promotion, advertising, or any other systems or methods of operation of Block's business acquired by virtue of operation under the FLA;

(4) Retaining or using any H&R Block property, including, without limitation, the client lists, files, tax returns, computer servers, and all other client data of the

terminated franchise, and to immediately return all such purchased assets to H&R Block; and

(5) Retaining or using any articles displaying any of the Licensed Marks (as defined by the FLA) or the trade names, including signs or emblems of H&R Block; and

(6) Retaining or refusing to transfer the lease for the office at 2360 Adam Clayton Powell Jr. Boulevard, New York, NY 10030 to H&R Block.

It is further ordered that, under the circumstances of this case, including the financial position of H&R Block and the fact that the terms of the injunction do not pose a material risk of any injury to Thomas, no security is necessary. Nevertheless, a bond in the amount of $10,000.00 would be more than adequate to pay the costs and damages sustained by any party found to have been wrongfully enjoined. A bond in that amount shall be filed by H&R Block within fourteen days of the entry of this Order.

It is further ordered that this Order shall take effect immediately, and absent further Order of this Court, will remain in effect until a hearing is held on Plaintiff's Motion for Preliminary Injunction. The parties are directed to meet and confer, and within seven days of this Order, file a joint proposed plan and schedule for limited, expedited discovery necessary for the preliminary injunction hearing, and a mutually agreeable date for the preliminary injunction hearing. To the extent the parties cannot agree on a discovery plan and schedule, the parties shall file separate proposals by no later than February 22, 2018.

The Clerk of the Court is directed to send this order to Thomas at the following addresses: 2360 Adam Clayton Powell Jr. Boulevard, New York, NY 10030, and 8661 Newborn Way, Douglasville, GA 30134. A copy of this order will also be emailed to Thomas at thomasassoc02@aol.com.

IT IS SO ORDERED.

DATE: February 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT