IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK TAX SERVICES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-00091-CV-W-ODS |
| | ) |
| WILLIAM THOMAS, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pending is Plaintiff H&R Block Tax Services LLC's motion for default judgment Doc. #32. For the following reasons, Plaintiff's motion is granted.

## I. BACKGROUND

In February 2018, H&R Block commenced this action against Defendant William Thomas asserting violations of, among other things, certain noncompetition, nonsolicitation, and other covenants set forth in the parties' Franchise License Agreement ("FLA"). Doc. #1. The same day, H&R Block filed a Motion for Temporary Restraining Order and Preliminary Injunction. Doc. #3. In April 2018, the parties jointly filed an Agreed Motion for Consent Preliminary Injunction, which was signed by both parties. Doc. #23. The Court granted the parties' request, and entered the preliminary injunction. Doc. #24.

The crux of the pending motion is Thomas's failure to file a responsive pleading within the time permitted by Rule 12(a)(1) of the Federal Rules of Civil Procedure.[1] Thomas was served on February 5, 2018, and to date, has never filed a responsive pleading. Doc. #6. Consequently, in May 2018, H&R Block filed its Application for

---

[1] Although he never responded to H&R Block's Complaint, Thomas was aware of this action. Thomas participated in a telephone hearing with the Court on February 14, 2018. Doc. #9. Additionally, the Court sent its Orders via U.S. Mail and/or email to Thomas on several occasions. Docs. #7, 10, 13, 21, 30. The Court's CM/ECF system also sent notification of filings to Thomas's email address. Docs. #10, 13, 21, 22, 24, 25, 29, 30.

Entry of Default By Clerk, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Doc. # 27. The Clerk entered default on June 13, 2018. Doc. # 29. H&R Block now seeks entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Doc. #32. Thomas has not responded to the pending motion, and the time for doing so has passed. L.R. 7.0(c)(2).

## II.  DISCUSSION

In September 2011, H&R Block paid Thomas $250,000 to convert his tax preparation office to an H&R Block franchise office.[2] Thomas, in return, entered into a Conversion Agreement and a Franchise License Agreement ("FLA") with H&R Block. Thomas agreed to noncompetition and nonsolicitation obligations (the "covenants"), which extend for a period of two years beyond the termination of the FLA. The covenants prohibit Thomas and others associated with Thomas from, among other things, soliciting clients of the former franchise office; and engaging in tax preparation and bookkeeping services within twenty-five miles of the former franchise territory. The two-year period is tolled "[i]f, at any time during the two-year periods described above, Franchisee fails to comply with their obligations under this subsection, then that period of noncompliance will not be credited toward satisfaction of the two-year obligation."

On April 24, 2017, H&R Block notified Thomas he was in breach of the FLA for failure to timely pay his royalties and bills. Thomas failed to rectify the breach. On December 19, 2017, H&R Block informed Thomas that his FLA was terminated, effective immediately, for failure to pay royalties and bills in the amount of $112,903.58. Thomas ignored and/or refused H&R Block's efforts to retrieve its client lists, files, and data, and began operating and/or materially assisting with the operation of a tax preparation business at his former franchise office located at 2360 Adam Clayton Powell Jr. Blvd., New York, NY 10030 (the "Former Franchise Office").

On January 8, 2018, an H&R Block employee observed the Former Franchise Office was open for business under an H&R Block sign. H&R Block sent letters to clients of the Former Franchise Office, informing them that Thomas retired, and the

---

[2] The FLA is attached as Exhibit 1 to H&R Block's Verified Complaint. Doc. #1-1.

2

H&R Block office at 580 Lennox Avenue could prepare their taxes. On January 17, 2018, Thomas called Office Manager Shawn Smith of the H&R Block office located at 580 Lennox Avenue, and demanded to know why she was contacting his clients and telling them he had retired.

Upon discovery of Thomas's violations, H&R Block's counsel sent a letter to Thomas demanding he cease competing with H&R Block, stop soliciting H&R Block's clients, and allow H&R Block to take over the lease of the Former Franchise Office. Thomas did not comply, forcing H&R Block to file this action. Due to Thomas failure to answer or otherwise respond to this matter, H&R Block now seeks default judgment.

A court may enter default judgment against a defendant found to be in default for failure to plead or otherwise defend. Fed. R. Civ. P. 55. A hearing is not necessary if there is sufficient evidence to support the default judgment. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008) (citations omitted). Factual allegations in the Complaint are taken as true, except those relating to damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). The Court must determine "whether the unchallenged facts constitute a legitimate cause of action, since a party does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted). The Court must also determine the amount of damages either by hearing or other evidence in the record, if damages are liquidated or ascertainable. *See Stephenson*, 524 F.3d at 915-16 (citations omitted). Plaintiff must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp.*, 242 F.3d at 819.

The Court finds there is sufficient evidence to support entry of default judgment. The Court finds the unchallenged facts constitute legitimate causes of action, and H&R Block has demonstrated a permanent injunction and monetary damages are legally appropriate and necessary. Finally, the Court finds the amount of damages are supported by the evidence in the record, are ascertainable, and H&R Block has proved its damages to a reasonable degree of certainty. Thus, a hearing is not necessary.

Accordingly, the Court orders the following:[3]

(1) Thomas, his officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Thomas or his officers, agents, servants, employees, and attorneys, are enjoined from the following:

A. Violating the terms of the FLA[4], including without limitation its confidentiality, noncompetition, and nonsolicitation covenants;

B. Through and until at least April 8, 2020 (the "Noncompetition Period"):
   1. Divert clients of the Former Franchise Office from H&R Block;
   2. Prepare tax returns or provide bookkeeping services in or within twenty-five miles of the Franchise Territory including at 2360 A.C. Powell Jr. Blvd., New York, NY 10030;
   3. Solicit clients of the Former Franchise Office by mail, telephone, electronically, via the Internet, in person, or by other means;
   4. Use or divulge any information or knowledge concerning clients of the Former Franchise Office;
   5. Retain or use any of H&R Block's assets, including client lists, files, tax returns, and all other client data of H&R Block;
   6. Acting as an agent, advisor, or consultant for any business that is or is about to become directly or indirectly engaged in a tax return preparation business within twenty-five miles of the Franchise Territory including at 2360 A.C. Powell Jr. Blvd., New York, NY 10030.  This paragraph includes but is not limited to Watson Associates, LLC Tax and Accounting Service and any tax preparation business within 25 miles of the Franchise Territory owned or operated by Da'Shawn Praileu or any former employee of the Former Franchise Office; and
   7. Assisting or having any financial interest in a tax return preparation or bookkeeping business within 25 miles of the Franchise Territory including

---

[3] The conduct being permanently enjoined mirrors the conduct preliminarily enjoined by the Court and agreed to by the parties.  Docs. #23-24.
[4] All capitalized terms not otherwise defined herein shall have the meaning given to them in the FLA.

at 2360 A.C. Powell Jr. Blvd., New York, NY 10030. This paragraph includes but is not limited to Watson Associates, LLC Tax and Accounting Service and any tax preparation business within 25 miles of the Franchise Territory owned or operated by Da'Shawn Praileau or any former employee of the Former Franchise Office.

(2) Thomas must pay $112,903.58 – the amount owed by Thomas under the FLA as of the date of the filing of the Verified Complaint – to H&R Block.

The Clerk's Office is directed to email a copy of this order to William Thomas (thomasassoc02@aol.com) and send two copies of this Order, one via first class mail postage prepaid and one via certified mail, return receipt requested, to the following:

William Thomas
2360 Adam Clayton Powell Jr. Boulevard
New York, NY  10030

William Thomas
8661 Newborn Way
Douglasville, GA  30134

IT IS SO ORDERED.

DATE:  August 30, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT